# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Dimas Salas, | ) |
|     Plaintiff, | ) Case No. |
| v. | ) |
| Peggy Luk Enterprises, Inc. and Yu W. Wang, | ) |
|     Defendant, | ) |

## COMPLAINT

Plaintiff Dimas Salas files this Complaint against Peggy Luk Enterprises, Inc. and Yu W. Wang for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees. Plaintiff alleges as follows:

### PARTY

1. Plaintiff is a resident of Georgia in this judicial district and division.

2. Peggy Luk Enterprises, Inc. ("Peggy Luk") is a corporation with its principal place of business at 3348 Buford Hwy, Atlanta, GA 30329 in this judicial district and division.

3. At all times throughout the relevant period, Peggy Luk operated and transacted business during the relevant period as the First Wok restaurant located at 3348 Buford Hwy, Atlanta, GA 30329.

4. Peggy Luk's registered agent for service of process is Yu W. Wang.

5. At all times throughout the relevant period, Yu W. Wang has been the owner, manager, and/or officer of First Wok restaurant.

6. Yu W. Wang is resident of Georgia in this judicial district and division.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391. Peggy Luk and Yu W. Wang transact business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## FACTS

9. The relevant period for damages is three years prior to the filing of this Compliant, November 14, 2013 until November 14, 2016.

10. At all times throughout the relevant period, Defendants Peggy Luk and Yu W. Wang owned and operated the First Wok restaurant.

11. At all times throughout the relevant period until September 19, 2016, Defendants employed Plaintiff at First Wok restaurant as a kitchen helper.

12. At all times throughout the relevant period, Plaintiff was a non-exempt, hourly worker for First Wok restaurant.

13. Defendants paid Plaintiff an hourly wage of less than the minimum wage and Plaintiff worked in excess of forty hours per work week.

14. Defendants Peggy Luk and Yu W. Wang maintained records of those hours that Plaintiff worked at First Wok restaurant.

15. At all times throughout the relevant period, Plaintiff was an "employee" of Peggy Luk and Yu W. Wang and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

16. At all times throughout the relevant period, Peggy Luk and Yu W. Wang were the "employer" of the Plaintiff.

17. At all times throughout the relevant period, Peggy Luk and Yu W. Wang were Plaintiff's employers engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

18. At all times throughout the relevant period, Peggy Luk and Yu W. Wang had multiple employees, including the Plaintiff, handling, selling, or

otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

19. At all times throughout the relevant period , Peggy Luk and Yu W. Wang were an enterprise with annual gross volume of sales made or business done of not less than $500,000.

20. At all times throughout the relevant period, Yu W. Wang as an owner, manager, and/or officer of First Wok restaurant, had control and direction over workplace conditions, operations, personnel, and compensation at the First Wok restaurant where Plaintiff worked.

21. At all times throughout the relevant period, Yu W. Wang, as an owner, manager, and/or officer of First Wok restaurant, made the decisions to pay Plaintiff less than the minimum wage and withhold overtime and other pay in violation of the FLSA.

22. Yu W. Wang acted on behalf of First Wok restaurant by paying Plaintiff in cash for the purpose of concealing the employment of Plaintiff and amounts paid to Plaintiff.

23. Defendants also paid Plaintiff in cash for purposes of avoiding the payment of taxes.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## (OVERTIME)

24. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

25. At all times throughout the relevant period, Peggy Luk and Yu W. Wang had a uniform policy and practice of willfully refusing to pay Plaintiff overtime compensation for all hours worked in excess of forty hours per workweek.

26. Peggy Luk and Yu W. Wang refused to pay Plaintiff at a rate that was at least one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

27. Peggy Luk and Yu W. Wang's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

28. Due to Peggy Luk and Yu W. Wang's FLSA overtime violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, and costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

## FAIR LABOR STANDARDS ACT VIOLATIONS
## (MINIMUM WAGE)

29. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

30. At all times throughout the relevant period, Peggy Luk and Yu W. Wang had a common practice of willfully refusing to pay Plaintiff and other employees at least the minimum wage of $7.25 per hour.

31. Defendants Peggy Luk and Yu W. Wang willfully paid Plaintiff wages that were below the applicable minimum wage for all hours worked.

32. Defendants Peggy Luk and Yu W. Wang's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. Plaintiff was damaged by Peggy Luk and Yu W. Wang's refusal to pay Plaintiff at least the minimum wage.

34. Peggy Luk and Yu W. Wang are liable for damages in the amount of the difference between the average hourly wage during a workweek and the applicable minimum wage.

35. Due to Peggy Luk and Yu W. Wang's FLSA violations, Plaintiff was damaged and is entitled to recover actual and liquidated damages for Peggy Luk and

Yu W. Wang's refusal to pay minimum wage, liquidated damages, and reasonable attorneys' fees, costs, and expenses of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Peggy Luk and Yu W. Wang:

A. An award of unpaid compensation for overtime to Plaintiff;

B. An award of compensation for failure to pay Plaintiff the minimum wage;

C. An award of liquidated damages for willful failure to pay overtime compensation and failure to pay minimum wage;

D. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

E. Such other and further relief as this Court deems just and proper.

This 14th day of November, 2016.

          **HALL & LAMPROS, LLP**

          /s/ Gordon Van Remmen
          Christopher B. Hall
          Ga Bar No. 318380
          Gordon Van Remmen
          Ga Bar No. 215512
          HALL & LAMPROS, LLP
          1230 Peachtree St. N.E.
          Suite 950

                    Atlanta, GA 30309
                    (404) 876-8100 telephone
                    (404) 876-3477 facsimile
                    chall@hallandlampros.com
                    gordon@hallandlampros.com

                    ATTORNEYS FOR THE
                    PLAINTIFF

Plaintiff's counsel certifies that this complaint is in 14 point Times New Roman font.